**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-2173**

MODY DESSE SISSOKO,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 11, 2008        Decided:  July 14, 2008

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Peter Nyoh, LAW OFFICE OF PETER NYOH, Silver Spring, Maryland, for Petitioner.  Gregory G. Katsas, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Edward E. Wiggers, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mody Desse Sissoko, a native and citizen of Cote d'Ivoire, filed a petition for review from the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The Immigration and Naturalization Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2008). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2008); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a

whole.  <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992).  This court will reverse the Board "only if the evidence presented by the petitioner was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution."  <u>Rusu v. INS</u>, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find substantial evidence supports the Board's finding that Sissoko failed to establish past persecution or a well-founded fear of persecution based on one of the statutorily enumerated grounds.  The record does not compel a different result.  Accordingly, we will not disturb the Board's denial of his applications for relief.[*]

We deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]We note Sissoko failed in his brief to this court to challenge the Board's order denying withholding from removal and withholding under the CAT.  By failing to raise these issues in his brief, Sissoko abandoned these issues and waived review.  <u>See</u> <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued are deemed abandoned). We further note Sissoko does not challenge the Board's finding that he did not challenge on appeal the immigration judge's decision to deny relief under the CAT.  This court has noted that "an alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board's] decision."  <u>Farrokhi v. INS</u>, 900 F.2d 697, 700 (4th Cir. 1990).